KATHRINE R. EVERETT v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY AND ROY S. DENKINS AND ROY S. DENKINS, JR., D/B/A ROY S. DENKINS & SON AGENCY

No. 6914DC184

(Filed 30 April 1969)

**1. Appeal and Error § 39— failure to aptly docket record on appeal**

Where the record on appeal was docketed in the Court of Appeals 145 days after the date of the judgment appealed from and no extension of

time was granted, the appeal is subject to dismissal for failure to comply with the requirement of Rule 5 that the record on appeal be docketed within 90 days after the date of the judgment.

**2. Insurance § 129— cancellation of fire policy — return of premium refund — notification that cancellation had become effective**

Cancellation of a fire insurance policy upon request of insured was not affected by failure of the insurance agent to return the premium refund until after a fire had occurred or by failure of the insurance agent to notify the insured that the cancellation had become effective.

**3. Insurance § 136— fire insurance — sufficiency of evidence**

In this action to recover under a policy of fire insurance, plaintiff's evidence is insufficient to be submitted to the jury where it tends to show that plaintiff was requested by the agent through which the insurance was purchased to return a fire policy on a certain house for cancellation, that this policy was returned and cancelled, that plaintiff later mistakenly returned to the agent a fire policy on a second house, stating by letter accompanying the policy that she was returning the policy in accordance with the agent's request and that she had purchased insurance on this property from another company, and that the second house was thereafter damaged by fire, plaintiff's evidence being insufficient to show that the policy was in effect at the time of the fire.

APPEAL by plaintiff from *Lee, J.,* September 1968 Jury Session, District Court of DURHAM.

Plaintiff brings this action to recover on a policy of fire insurance issued to her on 29 August 1964 by the St. Paul Fire and Marine Insurance Company (St. Paul).

Briefly, the evidence shows that prior to July 1966, plaintiff was the owner of two dwelling houses in Durham, North Carolina, located at 923 and 927 East Main Street. The houses were insured against fire by the defendant, St. Paul. On 8 July 1966 the Roy S. Denkins and Son Agency (Denkins), the agency through whom the policies were purchased, notified plaintiff by letter that the fire insurance on the property located at 923 East Main Street was being canceled, and requested that plaintiff return this policy to the Denkins Agency. This policy was returned to Denkins, either by plaintiff or some other party, on 21 July 1966, and canceled. On 26 September 1966 plaintiff returned the policy of insurance for the property located at 927 East Main Street to the Denkins Agency, stating in a letter accompanying the policy that this was done according to the request of 8 July 1966, and that she had purchased insurance on this property from another company. The policy for the property located at 927 East Main Street was canceled by Denkins on 4 October 1966.

On 7 November 1966 the property located at 927 East Main Street was extensively damaged by fire. Plaintiff received the premium due for the cancellation of the insurance on this property on 9 November 1966.

Plaintiff, at the close of her evidence, took a judgment of voluntary nonsuit as to the individual defendants. A judgment as of nonsuit was entered by the court as to defendant St. Paul. From this judgment plaintiff appeals.

*Everett and Creech by Robinson O. Everett for plaintiff appellant.*

*Smith, Leach, Anderson & Dorsett by C. K. Brown, Jr., for defendant appellee.*

MORRIS, J.

The judgment here appealed from was entered on 18 September 1968. The record on appeal was not filed in this Court until 10 February 1969.

[1] Rule 5, Rules of Practice in the Court of Appeals of North Carolina, requires that the record on appeal is to be docketed in this Court within 90 days after the date of the judgment. This rule provides that the trial tribunal may extend this time up to 60 days for good cause; however, the record in the present case does not reveal that such an extension was requested or granted. The record on appeal was docketed in this Court 145 days after the date of the judgment.

In looking to the merits of this case, we find that plaintiff contends that her letter of 26 September 1966 was not a request by her to cancel the policy on 927 East Main Street, but that she was merely acting according to the request of Denkins and that it should have been apparent to Denkins that she had sent the wrong policy. Furthermore, she claims that the policy on the damaged property was not effectively canceled until after the fire because she did not' receive the refund of premiums until after the fire.

[2, 3] The evidence taken in the light most favorable to plaintiff shows that she committed an error when she mailed the policy for the property at 927 East Main Street to Denkins on 26 September 1966. However, the letter stated that other insurance had been obtained on this property. Also, on 11 November 1966, plaintiff, in a letter to St. Paul requesting the cancellation date of this policy stated, "Recently I notified the Roy Denkins Insurance Agency that

I intended to cancel the policy on 927 East Main Street . . ." We think plaintiff's evidence, taken in the light most favorable to her, was insufficient to carry the case to the jury. Assuming, *arguendo*, that Denkins was acting as the agent of St. Paul in canceling this policy, the cancellation was not affected by the failure of Denkins to return the premium refund until after the fire of 7 November 1966. *Hayes v. Indemnity Co.*, 274 N.C. 73, 161 S.E. 2d 552. Nor was Denkins required to notify plaintiff that the cancellation had become effective. *Hayes v. Indemnity Co., supra.*

We find the plaintiff's assignment of error to be without merit. However, for failure to comply with Rule 5, Rules of Practice in the Court of Appeals of North Carolina, the appeal is

Dismissed.

CAMPBELL and PARKER, JJ., concur.